<table>
<tr><td colspan="2" align="center">**DISTRICT COURT OF THE VIRGIN ISLANDS**<br><br>**DIVISION OF ST. CROIX**</td></tr>
</table>

IN RE: PETER GAKUBA,

                  **Petitioner**　　　　　　　**1:25-cv-00042-WAL-EAH**

_____

TO:    Peter Gakuba, Pro Se

<u>ORDER AND</u>
<u>REPORT & RECOMMENDATION</u>

**THIS MATTER** comes before the Court following the issuance of an Order on December 16, 2025, Dkt. No. 9, that pointed out a number of serious issues in the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on December 11, 2025 by Peter Gakuba, appearing pro se. Dkt. No. 1. Mr. Gakuba also filed another habeas petition on December 11, 2025. Dkt. No. 8.

In the December 16, 2025 Order, the Court pointed out that: (1) it did not appear that Mr. Gakuba was incarcerated, and certainly not incarcerated in the Virgin Islands, and his habeas petition did not name the person who had custody over him;[1] (2) his conviction and sentence had been affirmed in March 2017, which would be long beyond the one-year

---

[1] The December 16, 2025 Order pointed out that Mr. Gakuba's habeas petitions indicated that his conviction and his twelve-year sentence in 2015 for sexual penetration in Illinois State Court that he appeared to be challenging obviously did not occur in the District of the Virgin Islands. Dkt. No. 9. Mr. Gakuba's return address on his petition was in care of an attorney's office in Baltimore, Maryland, indicating that he was not incarcerated and not living in the Virgin Islands. Dkt. No. 1 at 16; Dkt. No. 8-6 at 13. In order to file a § 2254 habeas petition, a person must be "in custody under a state-court judgment" and the person must "name as a respondent the state officer who has custody." Rules 1(a), 2(a), Rules Governing § 2254 Habeas Cases in the U.S. District Courts.

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 2

limitations period for filing a § 2254 habeas petition;[2] and (3) Mr. Gakuba had already filed numerous § 2254 habeas petitions, which would make his instant petition a successive petition and, as such, it did not appear to comply with the statute governing such petitions. Dkt. No. 9. The Court provided Mr. Gakuba an opportunity to explain to the Court by January 7, 2026 why it should not recommend dismissal of his habeas petition(s) based on any or all of the issues cited above. *Id.* It also required him to file a proper motion/application to proceed in forma pauperis using the Court's form found on its website. *Id.* Further, the Order provided that, if Mr. Gakuba failed to file a full response by the deadline, the Court would recommend to the District Judge that the habeas petition(s) be dismissed. Because Mr. Gakuba was proceeding pro se, the Court directed the Clerk's Office to send Mr. Gakuba a copy of the December 16, 2025 Order by certified mail, return receipt requested. *Id.* The Clerk's Office did so. Dkt. No. 10.

On December 29, 2025, Mr. Gakuba filed a 47-page response to the December 16, 2025 Order, accompanied by 30 pages of exhibits. Dkt. Nos. 11, 11-1 to 11-6. Mr. Gakuba did not address the issues pointed out by the Court in its December 16, 2025 Order, although his response did mention the questions without answering them. For instance, as to whether he was currently incarcerated and, if not, what part of his conviction or sentence he was challenging through his habeas petition, he stated that his "malicious prosecution and wrongful convictions rest on a void ab initio—not voidable—criminal indictment." Dkt. No.

---

[2] The Order noted that Mr. Gakuba's petition indicated that his conviction and sentence were affirmed in March 2017, which would be far beyond the one-year limitations period which a person may timely file a habeas petition. 28 U.S.C. § 2244(d)(1)(A).

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 3

11 at 11. He added that "[n]o federal nor state court has any jurisdiction at all." The Court construes this statement as Mr. Gakuba considering his indictment (in Illinois in 2006, Dkt. No. 8 at 12) as a structural error that completely voided the indictment. *Id.* at 11, 20. He provides extensive citations to inapposite case law. *Id*. at 11-20.

In apparent reference to the Court's inquiry as to why he was filing his petition in the Virgin Islands when his 2015 conviction and incarceration occurred in Illinois, Mr. Gakuba stated that he was a Sex Offender Registration and Notification Act ("SORNA") registrant, which mandated registration where he lives, works, or goes to school. *Id*. at 20. But he never actually addressed the question of why he filed these petitions in the Virgin Islands. Instead, he restated his challenges to the allegedly "void ab initio" indictment, and reargued issues that he has previously made in a variety of courts. *Id*. at 20-47. Neither did he address the statute of limitations or successive habeas petition questions raised by the Court in the December 16, 2025 Order.

Mr. Gakuba has also filed: (1) a Motion for CM/ECF and Fee-Free Pacer, Dkt. No. 2; (2) a motion requesting a hearing, DKt. No. 3; (3) an application for leave to proceed in forma pauperis, Dkt. No. 4; (4) a motion for permission to use electronic case filing, Dkt. No. 5; and (5) a second motion for CM/ECF filing, Dkt. No. 18.

## DISCUSSION

Mr. Gakuba's Response does not address, much less allay, the Court's concerns about the serious problems besetting his petition's continued viability in this Court. While all three reasons cited above present bases for dismissal, the Court will focus on the fact it has no

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 4

subject matter jurisdiction over the petitions, as that goes to the heart of the petitions' viability. *See Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012) ("[F]ederal courts lack jurisdiction to consider a second or successive habeas petition" if a prisoner does not first obtain an order from the circuit court authorizing it).

Mr. Gakuba's petitions, Dkt. Nos. 1 and 8, indicate that he had already filed one or more petitions for habeas corpus under 28 U.S.C. § 2254, Dkt. No. 1 at 7, 13 (citing *Gakuba v. Grissom*, 17-cv-50337 (N.D. Ill)); *Gakuba v. Neese*, 18-3398 (7th Cir.)); Dkt. No. 8 at 15-16 (citing *Gakuba v. Rains*, 17-cv-6719 (N.D. Ill); *Gakuba v. Neese*, 17-cv-50337 (N.D. Ill.)), in addition to numerous motions for certificates of appealability). These prior § 2254 filings indicate that Mr. Gakuba's instant petitions constitute second or successive habeas petitions. The Court also notes, as it did in the December 16, 2025 Order, that its Westlaw online search revealed 306 cases that Mr. Gakuba has filed in federal courts, not only in Illinois and the Seventh Circuit, where his conviction and sentence occurred, but in other random circuits where courts have dismissed Mr. Gakuba's challenges to his 2015 convictions because they constitute successive habeas petitions. *See, e.g. Gakuba v. Md. Att'y Gen. Office*, No. 25-cv-0415, 2025 WL 2940726 at *1, *2 (D. Md. Sept. 24, 2025) (dismissing successive habeas petition and citing Mr. Gakuba filing "no fewer than ten petitions for federal habeas corpus relief in seven separate federal district court," where those petitions were either dismissed or transferred; court dismissed his petition and noted that he has "serially abused his access to the courts").

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 5

In order to file a successive petition, Mr. Gakuba would have to comply with the requirements of 28 U.S.C. § 2244. That statute provides, in pertinent part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2244(b) states that a claim presented in a successive habeas petition that was presented in a prior application shall be dismissed; a claim not presented in a prior application would not be dismissed under specific circumstances (such as if it relies on a new rule of constitutional law). 28 U.S.C. § 2244(b)(1), (2). Section 2244(b)(3) requires an applicant who files the successive application in the district court to move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In its December 16, 2025 Order, the Court asked Mr. Gakuba to specify why his habeas petitions should not be dismissed as second or successive habeas petitions under 28 U.S.C. 2244.[3] Dkt. No. 9 at 3. He did not do so. At the very least, the legality of his detention, pursuant to 28 U.S.C. § 2244(a), has been addressed by the district court in Illinois. *See Gakuba v. Brannon*, No. 17-cv-50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018); *cf. Gakuba v. Brown*, No. 19-cv-5429, 2020 WL 8970581 (N.D. Ill. Mar. 20, 2020) (dismissing § 1983 case based

---

[3] Mr. Gakuba appeared to be cognizant of that provision because he stated that his petition was "2d-in-Time (NOT 2nd (Successive)," Dkt. No. 8 at 1, which may be an attempt to avoid the nomenclature of a "second" or "successive" petition in favor of "second-in-time"—which is not a legal distinction for a habeas petition filed after an initial petition. Dkt. No. 8 at 1.

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 6

on Mr. Gakuba's allegation that he mailed three habeas corpus petitions to the Clerk of Court who denied him access to the court by failing to file his petitions). Mr. Gakuba has not bothered to respond to the Court's inquiry how his current petitions present issues other than those he raised in his initial habeas petition. 28 U.S.C. § 2244(b)(2). While a petitioner's burden is light to show, for example, that he has relied on a new rule of constitutional law, it is still his burden, *In re Rosado*, 7 F.4th 152, 158 (3d Cir. 2021), and it cannot be ignored. And given the glut of successive habeas petitions he has filed around the country, *see, e.g., Gakuba v. Md. Att'y Gen. Office*, 2025 WL 2940726 at *1, the Court has no difficulty in concluding that the instant habeas petitions are successive and he did not show that the exceptions in § 2244(b) apply. Further, Mr. Gakuba has not provided an order of a federal court of appeals authorizing him to file a second or successive petition, and thus the Court has no jurisdiction over his petitions. *See Parham* 496 F. App'x at 184; *Renninger v. Clarion Cnty Dist. Att'y*, No. 25-cv-1819, 2026 WL 625411, at *1 (W.D, Pa. Mar. 5, 2026) (adopting R&R recommending dismissal of successive habeas petition for lack of jurisdiction because petitioner required, but did not obtain, leave from Court of Appeals to prosecute the petition). The Court will therefore recommend dismissal of Mr. Gakuba's habeas petitions without prejudice as second or successive petitions. The Court also recommends that a Certificate of Appealability not be issued since Mr. Gakuba has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 7

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).[4]

Because it is apparent that this Court lacks jurisdiction over Mr. Gakuba's Petitions, the Court will also deny Mr. Gakuba's pending motions.

### CONCLUSION

The undersigned Magistrate Judge hereby **RECOMMENDS** that Peter Gakuba's Petitions Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Dkt. Nos. 1, 8, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. It is further **RECOMMENDED** that a Certificate of Appealability **SHALL NOT ISSUE**.

Because it is apparent that this Court lacks jurisdiction over Mr. Gakuba's Petitions, the Court will **DENY** his: (1) a Motion for CM/ECF and Fee-Free Pacer, Dkt. No. 2; (2) motion requesting a hearing, DKt. No. 3; (3) application for leave to proceed in forma pauperis, Dkt. No. 4; (4) motion for permission to use electronic case filing, Dkt. No. 5; and (5) second motion for CM/ECF filing, Dkt. No. 18.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and

---

[4] Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.

*In re Gakuba*
1:25-cv-00040-RAM-EAH
Order
Page 8

Recommendation before the assigned District Court Judge.  *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk's Office is directed to send a copy of this Order and Report & Recommendation to Mr. Gakuba by certified mail, return receipt requested.

ENTER:

Dated: March 10, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE